**CALLAHAN & BLAINE, APLC**
David J. Darnell (SBN 210166)
ddarnell@callahan-law.com
Gaurav K. Reddy (SBN 259496)
greddy@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiffs Ross Cornell and
Bryan Estrada

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ross Cornell, an individual, and Bryan Estrada, an individual;<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Office of the District Attorney, County of Riverside, and Does 1-100, inclusive;<br><br>　　　　　Defendants. | Case No. 5:22-cv-00789 JWH (SHKx)<br><br>[Assigned to Hon. John W. Holcomb]<br><br>**DECLARATION OF ROSS CORNELL IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>[*Notice of Motion, Memorandum of Points and Authorities, Declarations of Bryan Estrada, and Adelfo Cerame, Jr., (Proposed) Order, and Proof of Service filed concurrently herewith*]<br><br>Date:　June 24, 2022<br>Time:　9:00 a.m.<br>Courtroom:　9D<br><br>Action Filed:　May 9, 2022<br>Trial Date:　　None set |

# DECLARATION OF ROSS CORNELL

I, Ross Cornell, hereby declare as follows:

1. I am an individual over the age of 18 and I attest to the matters set forth herein of my own personal knowledge. If called upon to do so, I could and would competently testify in accordance with the matters set forth herein.

2. I am an attorney in good standing and duly licensed to practice law before all the Courts of the State of California, including the Central District of California.

3. I am the attorney of record for Bryan Estrada ("Estrada") in a number of civil lawsuits filed in the Central District of California to remedy violations of the ADA at public accommodations and commercial facilities in and around Riverside County. I am also the attorney of record for other plaintiffs in ADA barrier removal cases now pending in the Central District.

4. I have no criminal record, no record of attorney discipline, and no prior history of arrest.

5. At or about 7:00 a.m. on March 10, 2022, I was awoken by a team of gun-wielding tactical law enforcement personnel banging on the door of my home and shouting into a loudspeaker outside in my residential neighborhood. I was arrested and taken into custody while my home was searched by law enforcement.

6. I was transported fifty miles in handcuffs, was booked at the criminal jail in downtown Riverside where I was forced to strip naked, was blood and DNA tested, and was shuffled between holding cells with other criminal arrestees for hours until bonding out of custody.

7. No one from the Riverside County District Attorney's Office (the "RCDA") contacted me prior to my arrest to notify me of the charges set forth in Riverside County Superior Court Case No. RIF2201190 (the "Prosecution"), or to request that I volunteer myself for arrest.

8. None of the three ADA lawsuits that are the subject of the criminal

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

complaint against me (*i.e.*, CACD Case No. 5:20−cv−01797 JGB (SHKx), Case No. 5:20-cv-02403-JGB-SP, and Case No. 5:20-cv-02362 JGB (KKx)) had any motions or orders addressing issues or arguments against Estrada's standing to pursue his claim for injunctive relief. Each of these three cases resulted in written settlement agreements, pursuant to which the defendants agreed to remediate specific disability access barriers. Each of the settlement agreements also included a stipulation that the cases had reached "satisfactory settlements … under which remedial work will be completed at the facility in the interest of justice and fairness."

9. At least fifty (50) of the ADA lawsuits I filed in federal court on behalf of disabled clients against Riverside County defendants resulted in written settlement agreements that contained similar stipulations by the defendants that the cases had resulted in "satisfactory settlements … under which remedial work will be completed at the facility in the interest of justice and fairness." In other words, the settlements in ADA cases that I bring on behalf of my clients typically mandate and result in the removal of mobility access barriers required by the ADA.

10. Some of the ADA lawsuits I have filed in federal court have also resulted in disability access improvements with absolutely no financial benefit or money paid by the defendants to my client or my office. In other words, the mere filing of the lawsuits caused those defendants to remove or remedy mobility access barriers as required by the ADA with no financial benefit or money paid by the defendants and no further action being taken against the defendants in those cases.

11. I performed a search of the internet and of legal research databases to find examples of cases where the RCDA has prosecuted attorneys for violations of Cal. Penal Code §§ 115, 6128 or 182. The only such prosecutions I was able to locate were in Riverside County Case Number RIC1902577 (the "Rutherford Action") and Riverside County Case Number RIF2201190, which is the current prosecution against me. Both of these prosecutions were against ADA lawyers and their clients.

12. On March 22, 2022 at 12:03 p.m., I received a recorded voicemail message from a defendant in one of my ADA lawsuits currently pending in the Central District. I have retained a complete copy of the voicemail message. The voicemail demonstrates that the RCDA has been in contact with defendants from Current Cases. More particularly, the voicemail message states, in pertinent part, as follows:

> "Hello Ross we're calling from Diamante Insurance Services… you and Bryan Estrada are suing us for … alleged ADA violations … we have been in contact with Riverside's DA Office … and we are kindly requesting that you dismiss the summons …."

13. On March 22, 2022 at 11:19 a.m., I received an email from opposing counsel in one of my ADA lawsuits currently pending in the Central District, CACD Case No. 5:22-cv-00392-JGB-KK. In the email, counsel wrote, "…I'm representing all Defendants in the above referenced case. In light of what is happening with the Riverside DA's office, I wanted to reach out to see if you would be willing to dismiss this case …. [i]n all candor, we are planning on filing a Request for Stay pending the outcome of the criminal investigation …." A true and correct copy of Rachelle Golden's March 22, 2022 email to me is attached hereto as **Exhibit A**.

14. Thereafter, on April 11, 2022 at 3:16 p.m., I received another email from opposing counsel in CACD Case No. 5:22-cv-00392-JGB-KK setting forth a lengthy explanation of the defendant's intended motion to stay based on the criminal prosecution against me and due to the content of the press release about me issued by the Riverside County District Attorney's Office. A true and correct copy of Rachelle Golden's email to me dated April 11, 2022 is attached hereto as **Exhibit B**.

15. On or about April 13, 2022, I received an answer from the defendants in an ADA lawsuit I filed in the Central District, Case No. 5:22-cv-00353-SB-KS, wherein the defendant alleged four affirmative defenses alleging variations on the

theme that "Plaintiff has engaged in a course of conduct to defraud small businesses by filing multiple lawsuits containing false and deceiving complaints and these answering Defendants are some of them." A true and correct copy of the answer I received is attached hereto as **Exhibit C**.

16. On or about April 28, 2022 at 1:41 p.m., I received an email from opposing counsel in an ADA lawsuit I filed in the Central District, Case No. 5:22-cv-00047-MEMF-KK confirming that the defendant was repudiating a signed settlement agreement that includes an obligation to remediate access violations, stating that "[t]he last I spoke with my client he wants to wait until your criminal case is adjudicated. There is no reason to pursue this matter further." A true and correct copy of John Coates' email to me dated April 28, 2022 is attached hereto as **Exhibit D**.

17. Based on my recent communications with opposing counsel and others in pending cases, which included demands to stay or dismiss actions until the criminal proceedings are resolved and efforts to repudiate written settlement agreements that contain specific remedial obligations, I believe that some defendants and defense counsel have adopted tactics whereby they refuse to engage in good faith settlement negotiations that would result in the remediation of ADA violations. I believe this is due to the Prosecution and the associated press release from the RCDA. I also believe that defendants in other cases that I have pending will pursue similar tactics.

18. In other words, because of the Prosecution and related action by the RCDA, my ability to identify and remedy ADA violations through private enforcement actions brought by my clients have been and will continue to be thwarted.

19. Since my arrest through today's date, I have not filed any new ADA lawsuits.

20. I currently have more than two dozen ADA cases on behalf of Estrada

- 4 -

DECLARATION OF ROSS CORNELL IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION

that have not yet been filed. I have investigated facts relating to the mobility access barriers that Estrada encountered and also conducted research regarding the parties and claims to be asserted. These cases have also been vetted through a third party investigator, who has verified that ADA violations exist at the properties in relation to Estrada's mobility disability. These cases are ripe and ready to be filed, but they have not been filed because of fear from Estrada and myself that new filings may instigate further reprisal or even another arrest by the RCDA. Accordingly, the Prosecution and the associated actions by the RCDA are creating a situation in which numerous known ADA violations are being allowed to persist at public accommodations in Estrada's community.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on  May 26, 2022  in San Bernardino, California.

_____
Ross Cornell

**EXHIBIT A**

**From:** Rachelle Golden rachelle@goldenadadefense.com
**Subject:** RE: Estrada v. Fargo Chiropractic - Central District Case No. 5:22-cv-392
**Date:** April 11, 2022 at 3:16 PM
**To:** Ross Cornell rc@rosscornelllaw.com

Hi Ross,
Please see the below bullet points that will be sent forth our Request/Motion:
- Motion to Dismiss/Request for Stay:
    - The Complaint by the Riverside DA states that between November 7, 2019, and March 8, 2022, over 57 lawsuits were filed in which Mr. Estrada never had any intention of pa (3/3/2022).
    - Fargo Chiropractic operates and appointment only business and the actions in DA's Complaint that Mr. Estrada "conduct[ed] a drive by" likely also occurred here as no appoi that it was open by appointment only and there was no record of any appointment by Estrada. This was also the case because of the COVID pandemic. Here, the complaint occasion **between December, 2019 and the present**." Notably, this is precisely the timeframe of when there were shutdowns due to COVID and there is no record of any ap
    - The Declaration in Support of the Arrest Warrant discusses that the DA's office is aware of more potentially fraudulent lawsuits that have been filed but that only three are sub
    - Defendants have been in contact with the DA's office and are in the process of determining as to whether the lawsuit against Defendants is also subject to the scope of the D
    - "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in t charges result in a conviction both Mr. Estrada and Mr. Cornell will be unable to continue filing lawsuits against businesses, such as the ones subject to the instant complaint in litigation which may ultimately be determined to be unnecessary and for which they will likely not be able to recoup funds expended from Mr. Estrada or Mr. Cornell; 3) the one civil and one criminal, but two courts who are tasked with determining the same issues. This would be an incredible waste of judicial resources. And 4) the lack of stay w concern that the lawsuits filed are predatory in nature as Mr. Estrada has no intent to actually patronize the businesses and is not filing lawsuits for lawful gain. Based upon tl the outcome of the pending criminal investigation so that it can learn whether or not that a defense of any pending lawsuit is necessary and warranted or whether they can av favorable to the Government in the overlapping criminal prosecution will obviate much of the expenditure of time and dollars which Defendants would otherwise be compelle
    - While Mr. Estrada identified elements of the property that he considered barriers, the Complaint is completely devoid of any facts as to how the elements relate to his specific which is required for standing.

Please let me know if you will require Defendants to file a Motion or if you are willing to dismiss the Complaint. Thanks.



**ADA Defense/Employment Defense/Bureau of Automotive Repair Defense**
Rachelle Taylor Golden, Esq.
1100 W Shaw Avenue, Suite 132
Fresno, CA 93711
O: 559-878-3521
C: 619-861-6626
W: www.GoldenADADefense.com

*Satallite Office:*
479 S. Marengo Avenue
Pasadena, CA 91101
C: 619-861-6626

---

**From:** Ross Cornell <rc@rosscornelllaw.com>
**Sent:** Tuesday, March 22, 2022 11:19 AM
**To:** Rachelle Golden <rachelle@goldenadadefense.com>
**Subject:** Re: Estrada v. Fargo Chiropractic - Central District Case No. 5:22-cv-392

No.  We will oppose any such motion.

> On Mar 22, 2022, at 11:08 AM, Rachelle Golden <rachelle@goldenadadefense.com> wrote:
>
> Hi Ross,
>
> I'm representing all Defendants in the above referenced case. In light of what is happening with the Riverside DA's office, I wanted to reach out to see if you would be willing to disr
>
> In all candor, we are planning on filing a Request for Stay pending the outcome of the criminal investigation, and alternatively filing a Motion to Dismiss. I'd like for my clients to spa
>
> If you could please let me know Thursday by noon, I'd appreciate it.
>
> Thanks.



**ADA Defense/Employment Defense/
Bureau of Automotive Repair Defense**
Rachelle Taylor Golden, Esq.
1100 W Shaw Avenue, Suite 132
Fresno, CA 93711
O: 559-878-3521
C: 619-861-6626
W: www.GoldenADADefense.com

*Satallite Office:*
479 S. Marengo Avenue
Pasadena, CA 91101
C: 619-861-6626

**EXHIBIT B**

**From:** Rachelle Golden rachelle@goldenadadefense.com
**Subject:** RE: Estrada v. Fargo Chiropractic - Central District Case No. 5:22-cv-392
**Date:** April 11, 2022 at 3:16 PM
**To:** Ross Cornell rc@rosscornelllaw.com

Hi Ross,
Please see the below bullet points that will be sent forth our Request/Motion:

- Motion to Dismiss/Request for Stay:
  - The Complaint by the Riverside DA states that between November 7, 2019, and March 8, 2022, over 57 lawsuits were filed in which Mr. Estrada never had any intention of pa (3/3/2022).
  - Fargo Chiropractic operates and appointment only business and the actions in DA's Complaint that Mr. Estrada "conduct[ed] a drive by" likely also occurred here as no appoi that it was open by appointment only and there was no record of any appointment by Estrada. This was also the case because of the COVID pandemic. Here, the complaint occasion **between December, 2019 and the present**." Notably, this is precisely the timeframe of when there were shutdowns due to COVID and there is no record of any ap
  - The Declaration in Support of the Arrest Warrant discusses that the DA's office is aware of more potentially fraudulent lawsuits that have been filed but that only three are sub
  - Defendants have been in contact with the DA's office and are in the process of determining as to whether the lawsuit against Defendants is also subject to the scope of the D
  - "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in t charges result in a conviction both Mr. Estrada and Mr. Cornell will be unable to continue filing lawsuits against businesses, such as the ones subject to the instant complaint in litigation which may ultimately be determined to be unnecessary and for which they will likely not be able to recoup funds expended from Mr. Estrada or Mr. Cornell; 3) the one civil and one criminal, but two courts who are tasked with determining the same issues. This would be an incredible waste of judicial resources. And 4) the lack of stay w concern that the lawsuits filed are predatory in nature as Mr. Estrada has no intent to actually patronize the businesses and is not filing lawsuits for lawful gain. Based upon th the outcome of the pending criminal investigation so that it can learn whether or not that a defense of any pending lawsuit is necessary and warranted or whether they can av favorable to the Government in the overlapping criminal prosecution will obviate much of the expenditure of time and dollars which Defendants would otherwise be compelled
  - While Mr. Estrada identified elements of the property that he considered barriers, the Complaint is completely devoid of any facts as to how the elements relate to his specific which is required for standing.

Please let me know if you will require Defendants to file a Motion or if you are willing to dismiss the Complaint. Thanks.



**ADA Defense/Employment Defense/Bureau of Automotive Repair Defense**
Rachelle Taylor Golden, Esq.
1100 W Shaw Avenue, Suite 132
Fresno, CA 93711
O: 559-878-3521
C: 619-861-6626
W: www.GoldenADADefense.com

Satallite Office:
479 S. Marengo Avenue
Pasadena, CA 91101
C: 619-861-6626

---

**From:** Ross Cornell <rc@rosscornelllaw.com>
**Sent:** Tuesday, March 22, 2022 11:19 AM
**To:** Rachelle Golden <rachelle@goldenadadefense.com>
**Subject:** Re: Estrada v. Fargo Chiropractic - Central District Case No. 5:22-cv-392

No.  We will oppose any such motion.

> On Mar 22, 2022, at 11:08 AM, Rachelle Golden <rachelle@goldenadadefense.com> wrote:
>
> Hi Ross,
> I'm representing all Defendants in the above referenced case. In light of what is happening with the Riverside DA's office, I wanted to reach out to see if you would be willing to dis
>
> In all candor, we are planning on filing a Request for Stay pending the outcome of the criminal investigation, and alternatively filing a Motion to Dismiss. I'd like for my clients to spa
>
> If you could please let me know Thursday by noon, I'd appreciate it.
>
> Thanks.



**ADA Defense/Employment Defense/ Bureau of Automotive Repair Defense**
Rachelle Taylor Golden, Esq.
1100 W Shaw Avenue, Suite 132
Fresno, CA 93711
O: 559-878-3521
C: 619-861-6626
W: www.GoldenADADefense.com

Satallite Office:
479 S. Marengo Avenue
Pasadena, CA 91101
C: 619-861-6626

**EXHIBIT C**

Thomas M. McIntosh (SBN 135582)
LAW OFFICE OF THOMAS M. MCINTOSH
1502 N. Broadway
Santa Ana, CA 92706
(714) 973-1112 (714) 973-1271 fax
tmm4law@yahoo.com

Attorney for Defendants: Victor M. Paredes, Discount Floors, Inc.,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESTRADA,<br><br>  Plaintiff.<br><br>Vs.<br><br>DISCOUNT FLOORS, INC., a California corporation; VICTOR M. PAREDES, an individual; HOWARTH C. DRAKE, an individual; BONNIE J. DRAKE, an individual; and Does 1-10, inclusive. | Case No.: 5:22-cv-00353-SB-KS<br><br>**FIRST AMEMDED ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants, DISCOUNT FLOORS, INC., a California corporation and VICTOR M. PAREDES, an individual ("Defendants") hereby answer the Complaint of Plaintiff BRYAN ESTRADA ("Plaintiff") as follows:

1. In response to paragraphs 2, 9 (lines 13 through 21), 15, 16, 17, and 21 of the Complaint, Defendant is without knowledge information sufficient to form a belief as to the truth of these allegations, and on that basis, denies the allegations.

2. In response to paragraphs 4, 24, 25, 26, 27, 29, 30, and 31 of the Complaint, Defendant states the law speaks for itself. To the extent that a response may be required, Defendant denies

---
1
**DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT**

each and every allegation contained in these paragraphs.

3. In response to paragraphs 3, 13, 14, 18, 19, 20, 22, 23, 28, and 32, of the Complaint, Defendant denies the factual allegations.

4. In response to paragraphs, 5, 6, 7, 8, 9 (lines 10 through 13), 10, 11, and 12, of the Complaint, Defendant admits the factual allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. As a first, separate and affirmative defense, these answering Defendants alleges that said Complaint fails to state a cause of action against these Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

2. As a second, separate and affirmative defense, these answering Defendants allege that the extent that Plaintiff seeks relief, his conduct constitutes unclean hands and, therefore, bars a granting of relief to the Plaintiff herein. Plaintiff has engaged in a course of conduct to defraud small businesses by filing multiple lawsuits containing false and deceiving complaints and these answering Defendants are some of them.

### THIRD AFFIRMATIVE DEFENSE
(In Pari Delicto)

3. As a third, separate and affirmative defense, these answering Defendants allege that Plaintiff herein, and each and every cause of action contained in the Complaint, is barred because Plaintiff has engaged in acts and courses of conduct which render him In Pari Delicto, specifically, this Plaintiff has engaged in acts of fraud and a course of conduct to procure money from these Defendants.

\\
\\

---

2
**DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT**

**FOURTH AFFIRMATIVE DEFENSE**

(Equitable Estoppel)

4. As a fourth, separate and affirmative defense, these answering Defendants allege that Plaintiff, and each and every cause of action contained in the complaint, is barred by reason of acts, omissions, representations and courses of conduct by Plaintiff by which these answering Defendants were led to rely on to their detriment, thereby barring each and every cause of action under the Doctrine of Equitable Estoppel. Plaintiff has engaged in a course of conduct to defraud small businesses by filing multiple lawsuits containing false and deceiving complaints and these answering Defendants are some of them.

**FIFTH AFFIRMATIVE DEFENSE**

(No new construction or major alterations to property)

5. As a fifth affirmative defense. these answering Defendants allege that assuming, for arguments sake, that Plaintiff was denied access to the subject facility, such exclusion was not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title III of the ADA, Health and Safety Code §19955, or Title 24 of the California Code of Regulations during the relevant times alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(No Injury)

6. As a sixteenth affirmative defense, these answering Defendants allege that Plaintiff has suffered no injury in fact with respect to the claims alleged and therefore cannot prevail on his claims.

**SEVENH AFFIRMATIVE DEFENSE**

(Vexatious litigant)

7. As an seventh, separate and affirmative defense, these answering Defendants allege that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiff and his attorney is or should be declared a "Vexatious Litigant", and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiff and/or his attorney (on behalf of Plaintiff and other future plaintiffs) to seek permission from the district court for an order before

filing any ADA Title III or related disability access lawsuits based on alleged violations of Federal and State laws. Plaintiff has engaged in a course of conduct to defraud small businesses by filing multiple lawsuits containing false and deceiving complaints and these answering Defendant are some of them.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint.
2. That judgment be entered on the Complaint in favor of the Defendants and against the Plaintiff and the Complaint be dismissed with prejudice.
3. That Defendants be awarded their attorneys' fees and costs of suit incurred herein;
4. That Plaintiff be declared a "vexatious litigant", and that this Court enter an OSC re: why this case should not be dismissed and/or sanctions imposed against Plaintiff and his counsel.
5. For such other and further relief as the Court may deem proper.

Dated: 4/13/2022

Respectfully submitted,

Thomas M. McIntosh
Attorney for Defendants DISCOUNT FLOORS, INC., a California corporation; VICTOR M. PAREDES, an individual

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues in Plaintiff's Complaint that are triable by jury.

Dated: April 13, 2022

Respectfully submitted,

_____
Thomas M. McIntosh
Attorney for Defendants DISCOUNT FLOORS, INC., a California corporation; VICTOR M. PAREDES, an individual

**EXHIBIT D**

| | |
|---|---|
| **From:** | John john.kealaw@gmail.com |
| **Subject:** | Re: Lindseth & Shevitski |
| **Date:** | April 28, 2022 at 1:41 PM |
| **To:** | Ross Cornell rc@rosscornelllaw.com |

Ross,

The last I spoke with my client he wants to wait until your criminal case is adjudicated. There is no reason to pursue this matter further.

John

On Thu, Apr 21, 2022 at 8:34 AM Ross Cornell <rc@rosscornelllaw.com> wrote:

> John,
>
> Still no check from your client on this one or any update on its status. They are now over two months late. This doesn't happen often, but I have no choice but to file a breach of contract action next week.
>
> I'll serve them directly unless you confirm your authority to receive service before then.
>
> Thanks,
>
> Best regards,
>
> Ross Cornell, Esq.
> PO Box 1989 #305
> Big Bear Lake, CA  92315
> Phone: (562) 612-1708
> Email:  rc@rosscornelllaw.com
>
> **Privileged and Confidential Communication**.  Please be advised that this electronic transmission and attachments, if any: (i) are protected by the Electronic Communications Privacy Act - 18 USC §§ 2510-2521; (ii) may contain confidential and/or legally privileged information; and (iii) are for the sole use of the intended recipient named above. If you have received this e-mail in error, please immediately notify the sender and delete the e-mail, together with the attachment(s), if any.  Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited. The transmission of this e-mail is not intended as a waiver of attorney-client communication, work product or any other privilege.

--

John Coates
Cell: (562)234-9728
Office: (562)489-1780
555 E. Pacific Coast Hwy #218
Long Beach CA 90806

This electronic message contains information from the law firm of Solange Kea.  The contents of this message may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this communication in error, please contact me immediately at john.kealaw@gmail.com