**CALLAHAN & BLAINE, APLC**
David J. Darnell (SBN 210166)
ddarnell@callahan-law.com
Gaurav K. Reddy (SBN 259496)
greddy@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiffs Ross Cornell and Bryan Estrada

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ross Cornell, an individual, and Bryan Estrada, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>Office of the District Attorney, County of Riverside, and Does 1-100, inclusive;<br><br>Defendants. | Case No. 5:22-cv-00789 JWH (SHKx)<br><br>[Assigned to Hon. John W. Holcomb]<br><br>**DECLARATION OF ROSS CORNELL IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>[*Filed concurrently with Reply, Declarations of Bryan Estrada, Charles Ballard, and David J. Darnell, Objections to Defendant's Evidence, and Response to Defendant's Evidentiary Objections*]<br><br>Date: July 8, 2022<br>Time: 9:00 a.m.<br>Courtroom: 9D<br><br>Action Filed: May 9, 2022<br>Trial Date: None set |

# DECLARATION OF ROSS CORNELL

I, Ross Cornell, hereby declare as follows:

1.  I am an individual over the age of 18 and I attest to the matters set forth herein of my own personal knowledge. I make this declaration in support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction and specifically to rebut the evidence presented in Defendant's Opposition. If called upon to do so, I could and would competently testify in accordance with the matters set forth herein.

2.  I am an attorney in good standing and duly licensed to practice law before all the Courts of the State of California, including the Central District of California.

3.  I have developed software and a mobile application that allows my disabled clients, including Bryan Estrada, to capture and transmit data about particular locations they visited including, but not limited to, photographs, location data, and time stamps, in an unalterable format to a backend database I maintain. The mobile application is designed to allow my clients to capture real-time information while on-site at locations where they encounter access barriers and serves the purpose of providing due diligence to confirm and support the client's claims. The mobile application was developed, in part, to protect myself and my clients from allegations that they "never visited" the subject properties, a meritless argument routinely raised by defendants and their counsel, just as it has been raised by the RCDA here.

4.  On June 26, 2020, my office received a mobile application upload from Bryan Estrada regarding his visit to Corona Animal Hospital in Corona, California. The resulting backend database record includes a photograph Mr. Estrada took of himself in front of the location, his geo-location, and time and date stamp at the moment he submitted the record through the mobile application, and a Google Map display of his specific location. A true and correct copy of the photograph of Mr. Estrada in front of the location, the geo-location data, and a map of Mr. Estrada's

location are attached hereto as **Exhibit 1**.

5. Before filing the lawsuit against Corona Animal Hospital (C.D. Cal. Case No. 5:20-cv-1797) on September 1, 2020, I reviewed a photograph of the interior lobby space of the Corona Animal Hospital. The photograph showed that the counter height appeared to be too high and thereby created an access barrier related to Mr. Estrada's mobility disability. A true and correct copy of the photograph I reviewed is attached hereto as **Exhibit 2**.

6. I recently accessed Corona Animal Hospital's Yelp webpage. A true and correct copy of a screenshot from this page is attached hereto as **Exhibit 3**. The screenshot shows that Corona Animal Hospital's policy about not accepting new clients was only posted on July 7, 2020, *after* Mr. Estrada visited the location on June 26, 2020.

7. On June 26, 2020, my office received a mobile application upload from Bryan Estrada regarding his visit to Park Lane Mobile Homes in Corona, California. The resulting backend database record includes a photograph Mr. Estrada took of himself in front of the location, his geo-location data, and time and date stamp at the moment he submitted the record through the mobile application, and a Google Map display of his specific location. A true and correct copy of the photograph of Mr. Estrada in front of the location, the geo-location data, and a map of Mr. Estrada's location are attached hereto as **Exhibit 4**.

8. On June 26, 2020, my office received a mobile application upload from Bryan Estrada regarding his visit to Ultra Imports Auto Parts in Riverside, California. The resulting backend database record includes a photograph Mr. Estrada took of himself in front of the location, his geo-location data, and time and date stamp at the moment he submitted the record through the mobile application, and a Google Map display of his specific location. A true and correct copy of the photograph of Mr. Estrada in front of the location, the geo-location data, and a map of Mr. Estrada's location are attached hereto as **Exhibit 5**.

9. Contrary to the assertions of the Riverside County District Attorney ("RCDA") that the three underlying ADA cases were solely about financial compensation, after the cases were filed and resolved, two out of the three facilities have already completed the removal of barriers that previously impeded access for disabled individuals.

10. In March 2022, I retained Fred Pantoja, an ADA accessibility expert and consultant, to provide his opinion regarding the status of accessibility conditions at Corona Animal Hospital, Park Lane Mobile Homes, and Ultra Imports Auto Parts.

11. On March 28, 2022, Mr. Pantoja provided me with photographs demonstrating that Corona Animal Hospital appeared to have remediated its accessible parking bank by providing a blue-striped parking access aisle where one was previously missing and constructed a path of travel from the public right of way where none existed before. True and correct copies of photographs Mr. Pantoja captured on March 28, 2022 at Corona Animal Hospital evidencing these changes are attached hereto as **Exhibit 6**.

12. On June 24, 2022, I took additional photographs of Corona Animal Hospital documenting these same corrective actions as described in the paragraph above. True and correct copies of my June 24, 2022 photographs are attached hereto as **Exhibit 7**.

13. On March 28, 2022, Mr. Pantoja provided me with photographs demonstrating that Park Lane Mobile Homes appeared to have remediated its accessible parking bank by providing a blue-striped parking access aisle where one was previously missing and constructing a path of travel from the disabled parking stall to the office entrance where none existed before. True and correct copies of photographs Mr. Pantoja captured on March 28, 2022 at Park Lane Mobile Homes evidencing these changes are attached hereto as **Exhibit 8**.

14. On June 24, 2022, I took additional photographs of Park Lane Mobile

DECLARATION OF ROSS CORNELL IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Homes documenting these same corrective actions as described in the paragraph above. True and correct copies of my June 24, 2022 photographs are attached hereto as **Exhibit 9**.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 24, 2022 in San Bernardino, California.



Ross Cornell

- 4 -

DECLARATION OF ROSS CORNELL IN SUPPORT OF REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION