**CALLAHAN & BLAINE, APLC**
David J. Darnell (SBN 210166)
ddarnell@callahan-law.com
Gaurav K. Reddy (SBN 259496)
greddy@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiffs Ross Cornell and
Bryan Estrada

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ross Cornell, an individual, and Bryan Estrada, an individual;<br><br>                    Plaintiffs,<br><br>    v.<br><br>Office of the District Attorney, County of Riverside, and Does 1-100, inclusive;<br><br>                  Defendants. | Case No. 5:22-cv-00789 JWH (SHKx)<br><br>[Assigned to Hon. John W. Holcomb]<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**<u>REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL</u>**<br><br>Hearing Date:   July 8, 2022<br>Time:          9:00 a.m.<br>Courtroom:    9D<br><br>Action Filed:   May 9, 2022<br>Trial Date:    None set |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiffs Ross Cornell and Bryan Estrada ("Plaintiffs") hereby submit their objections to Defendant Office of the District Attorney, County of Riverside's ("Defendant") evidence in support of its Opposition to Plaintiffs' Motion for Preliminary Injunction.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| DECLARATION OF TIMOTHY BROWN | |
|---|---|
| OBJECTION NO. 1 | |
| **DEFENDANT'S EVIDENCE:** | <u>Paragraph 3 [entirety], Pg. 2, Lns. 14 – 24</u>:<br><br>"<u>Penal Code</u> section 115 is violated when a person 'knowingly procures or offers any false or forged instrument' that is later 'filed, registered, or recorded in any public office' in the State of California that 'if genuine, might be filed, registered, or recorded under any law' of the State of California or of the United States.  (<u>Penal Code</u> § 115, subd. (a).)  The purpose of Section 115 is to prevent the recording of spurious documents that have knowingly been offered for record. (<u>People v. Schmidt</u> (2019) 41 Cal.App.5th 1042, 1056.) Few courts have opined on the propriety of Section 115 charges based on the filing of false/forged lawsuits, but one recent, unpublished appellate opinion has found such charges appropriate for Cornell and Estrada's criminal conduct. (See <u>People v. Morales</u> (2021) WL 2493058, *22-23.)" |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Improper Citation to Unpublished California Opinion. [California Rules of Court, Rule 8.115 ["an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."]; *see also State Farm Mut. Auto. Ins. Co. v. Penske Truck Leasing Co., L.P.*, 2021 WL 4810642, at *2 (9th Cir. Oct. 15, 2021) ("But California prohibits other courts from citing its unpublished cases.").] |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

| | |
|---|---|
| | Assumes Facts not in Evidence/Misstates Evidence/Misstates Law. [*Federal Rules of Evidence* 602.] |
| | (The unpublished opinion in *People v. Morales* (2021), WL 2493058, involved a criminal prosecution under Penal Code Section 115 based on gender discrimination lawsuits, not ADA lawsuits.  There is also nothing in this unpublished opinion that indicates the trial court or the Court of Appeal ever considered – let along rejected – any of the legal arguments raised in the instant Motion.  This unpublished opinion also does not hold or find that the instant charges are somehow "appropriate for Cornell and Estrada's criminal conduct" as claimed in Deputy District Attorney Brown's declaration.) |
| **RULING:** | _____ Sustained   _____ Overruled |
| **OBJECTION NO. 2** | |
| **DEFENDANT'S EVIDENCE:** | Paragraph 4, Pg. 2, Lns. 25 – 26:  "The Section 115 charges against Cornell and Estrada directly relate to their false allegations in their ADA lawsuits." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.]  Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.]  Speculation. [*Federal Rules of Evidence* 602.]  Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained   _____ Overruled |
| **OBJECTION NO. 3** | |
| **DEFENDANT'S EVIDENCE:** | Paragraph 4, Pg. 3, Lns. 1 – 6:  "However, evidence developed before and after the filing of the Felony Complaint makes clear that Estrada did not, |

- 2 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| | and/or could not, have personally encountered any architectural barriers at any of the three victim businesses. There is no evidence Estrada ever intended to return to the victim businesses, let alone go to any of these facilities for services, having never gone there in the first place." |
|---|---|
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Assumes Facts not in Evidence/Misstates Evidence/Misstates Law [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.]<br><br>Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | \_\_\_\_\_ Sustained   \_\_\_\_\_ Overruled |
| **OBJECTION NO. 4** ||
| **DEFENDANT'S EVIDENCE:** | Paragraph 5, Pg. 3, Lns. 7 – 9:<br><br>"In June of 2020, the Corona Animal Hospital, because of the Coronavirus pandemic, was not open, was not accepting any new clients, and only offered curbside service to existing clients." |
| **PLAINTIFFS' OBJECTION:** | Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.]<br><br>Hearsay. [*Federal Rules of Evidence* 802.]<br><br>Assumes Facts not in Evidence/ Misstates Evidence. [*Federal Rules of Evidence* 602.]<br><br>("According to Lee, who referenced the complaint, he recalled that Estrada/Cornell indicated they came to Lee's place of business in June of 2020. Due to the Covid-19 pandemic, Lee shortened the clinic's hours of operation. In doing so, Lee felt obligated to take care of existing clients first, rather than continue to take on new clients." Exhibit C to Declaration of Timothy |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

|  | Brown in Support of Defendant County of Riverside's Opposition to Plaintiff's Motion for Preliminary Injunction, Ex. C, Pg. 4.) |
|---|---|
| **RULING:** | _____ Sustained    _____ Overruled |

|  | **OBJECTION NO. 5** |
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 5, Pg. 3, Lns. 9 – 11:<br>"Thus, the basis for Cornell and Estrada's claim that Estrada personally encountered barriers, could not access the business, etc., was patently false." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.]<br><br>Hearsay. [*Federal Rules of Evidence* 802.]<br><br>Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] |
| **RULING:** | _____ Sustained    _____ Overruled |

|  | **OBJECTION NO. 6** |
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 5, Pg. 3, Ln. 14:<br><br>"wherein he admitted that he had never entered the Corona Animal Hospital." |
| **PLAINTIFFS' OBJECTION:** | Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence. [*See* Points and Authorities below.]<br><br>Irrelevant.  [*Federal Rules of Evidence* 401.] |
| **RULING:** | _____ Sustained    _____ Overruled |

|  | **OBJECTION NO. 7** |
|---|---|

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| **DEFENDANT'S EVIDENCE:** | Exhibit C [entirety]. |
|---|---|
| **PLAINTIFFS' OBJECTION:** | Failure to Authenticate. [*Federal Rules of Evidence* 901.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] <br><br> Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] |
| **RULING:** | _____ Sustained    _____ Overruled |

### OBJECTION NO. 8

| **DEFENDANT'S EVIDENCE:** | Paragraph 6, Pg. 3, Lns. 18 – 24: <br><br> "Also, in June of 2020, the Park Lane Mobile Home Park was not open to individuals who did not reside there - in fact, it had never been open to nonresidents or non-invitees, evidenced by a large sign at the only entrance to the park that read 'Private Property - not open to the general public.' In June of 2020, the amenities in the park, namely the pool and recreation room, were closed due to the Coronavirus pandemic (and in any event, would not have been open, pandemic or otherwise, to the general public)." |
|---|---|
| **PLAINTIFFS' OBJECTION:** | Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained    _____ Overruled |

### OBJECTION NO. 9

| **DEFENDANT'S EVIDENCE:** | Paragraph 6, Pg. 3, Lns. 24 – 25: <br><br> "Thus, Cornell and Estrada's claim that Estrada personally |
|---|---|

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| | encountered barriers was also patently false." |
|---|---|
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony. [*Federal Rules of Evidence* 701, 702, and 704.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained   _____ Overruled |
| **OBJECTION NO. 10** | |
| **DEFENDANT'S EVIDENCE:** | Exhibit D [entirety]. |
| **PLAINTIFFS' OBJECTION:** | Failure to Authenticate. [*Federal Rules of Evidence* 901.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained   _____ Overruled |
| **OBJECTION NO. 11** | |
| **DEFENDANT'S EVIDENCE:** | Paragraph 7, Pg. 4, Lns. 1 – 3: <br> "Finally, in June of 2020, the business known as Ultra Imports Auto Parts had been moved out of their former business premises for six months at the time they were sued by Cornell and Estrada." |
| **PLAINTIFFS' OBJECTION:** | Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| | |
|---|---|
| | Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] |
| | Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained    _____ Overruled |

|  OBJECTION NO. 12  ||
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 7, Pg. 4, Lns. 3 – 7: <br><br> "In other words, Cornell and Estrada sued a corporate landlord for an alleged visit to a vacant business space, on allegations that Estrada encountered ADA violations (such as van accessible parking spaces, service counters within operable reach, etc.) at a business that no longer existed." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony. [*Federal Rules of Evidence* 701, 702, and 704.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained    _____ Overruled |

|  OBJECTION NO. 13  ||
|---|---|
| **DEFENDANT'S EVIDENCE:** | Exhibit E [entirety]. |
| **PLAINTIFFS' OBJECTION:** | Failure to Authenticate. [*Federal Rules of Evidence* 901.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained    _____ Overruled |

- 7 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| OBJECTION NO. 14 | |
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 8, Pg. 4, Lns. 10 – 12: <br><br> "Business & Professions Code section 6128 is violated when an attorney engages in deceit or collusion, or consents to deceit and collusion, with the intent to deceive any party or the court. (Bus. & Prof. Code, § 6128, subd. (a).)" |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.] |
| **RULING:** | _____ Sustained    _____ Overruled |
| OBJECTION NO. 15 | |
| **DEFENDANT'S EVIDENCE:** | Paragraph 8, Pg. 4, Lns. 13 – 17: <br><br> "For the reasons described above, the basis for of the three ADA lawsuits, that Estrada attempted to access a business but was frustrated from doing so because of an architectural/accessibility failure at each business, was false. Thus, Cornell and Estrada lied to the court and lied to the victim businesses, the parties that were sued as defendants in the three ADA lawsuits." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony. [*Federal Rules of Evidence* 701, 702, and 704.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] <br><br> Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained    _____ Overruled |
| OBJECTION NO. 16 | |
| **DEFENDANT'S EVIDENCE:** | Paragraph 9, Pg. 9, Lns. 18 – 23: <br><br> "Cornell and Estrada coordinated their efforts, confirmed by Estrada's statement to District Attorney Investigators, |

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

|  |  |
|---|---|
|  | wherein both were aware that no such accessibility encounters occurred. Rather, Cornell and Estrada were aware that an ADA violation might exist, or existed at each of the three victim businesses, so ADA lawsuits with false allegations were filed to leverage money from the victim businesses." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.]<br><br>Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.]<br><br>Hearsay. [*Federal Rules of Evidence* 802.]<br><br>Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence. [*See* Points and Authorities below.] |
| **RULING:** | _____ Sustained   _____ Overruled |
| **OBJECTION NO. 17** ||
| **DEFENDANT'S EVIDENCE:** | Paragraph 9, Pg. 4, Ln. 23 – Pg. 5, Ln. 1:<br><br>"A conspiracy occurs when two or more persons conspire to commit any crime. (Pen. Code, § 182, subd. (a).) A conspiracy also requires an overt act or acts, a threshold Cornell and Estrada met when they drafted lawsuits with false allegations, filed the fraudulent lawsuits in federal court, demanded money settlements based on fabricated allegations that did not and could not have occurred, and then took those monies from the victim businesses, among other conduct." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.] |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

|  | Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] Hearsay. [*Federal Rules of Evidence* 802.] |
|---|---|
| **RULING:** | _____ Sustained    _____ Overruled |

| **OBJECTION NO. 18** ||
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 10, Pg. 5, Lns. 5 – 6: "The press release was truthful and issued in good faith to inform the public of the charges against Cornell and Estrada." |
| **PLAINTIFFS' OBJECTION:** | Failure to Authenticate. [*Federal Rules of Evidence* 901.] Lacks Foundation. [*Federal Rules of Evidence* 602.] Speculation. [*Federal Rules of Evidence* 602.] Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] Hearsay. [*Federal Rules of Evidence* 802.] |
| **RULING:** | _____ Sustained    _____ Overruled |

| **OBJECTION NO. 19** ||
|---|---|
| **DEFENDANT'S EVIDENCE:** | Exhibit F [entirety]. |
| **PLAINTIFFS' OBJECTION:** | Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence.  [*See* Points and Authorities below.] |
| **RULING:** | _____ Sustained    _____ Overruled |

| **OBJECTION NO. 20** ||
|---|---|
| **DEFENDANT'S EVIDENCE:** | The portions of audio recordings submitted as Exhibit F that correspond to following Page and Line Numbers in the corresponding Transcript in Exhibit 1 to Declaration of David J. Darnell in Support of Reply in Support of Motion |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| | |
|---|---|
| | for Preliminary Injunction: |
| | Page 50, Ln. 20 – Page 53, Ln. 21 |
| | Page 54, Ln. 6 – Page 55, Ln. 1 |
| | Page 57, Lns. 12 – 25 |
| | Page 62, Ln. 16 – Page 63, Ln. 13 |
| | Page 64, Ln. 20 – Page 67, Ln. 7 |
| | Page 70, Lns. 6 – 17 |
| | Page 73, Lns. 9 – 21 |
| | Page 75, Ln. 10 – 82, Ln. 13 |
| | Page 82, Ln. 24 – Page 83, Ln. 10 |
| **PLAINTIFFS' OBJECTION:** | Attorney-Client Privilege. [*See* Points and Authorities below.] |
| **RULING:** | \_\_\_\_\_ Sustained    \_\_\_\_\_ Overruled |
| **OBJECTION NO. 21** ||
| **DEFENDANT'S EVIDENCE:** | Exhibit G [entirety]. |
| **PLAINTIFFS' OBJECTION:** | Failure to Authenticate. [*Federal Rules of Evidence* 901.] |
| | Lacks Foundation. [*Federal Rules of Evidence* 602.] |
| | Speculation. [*Federal Rules of Evidence* 602.] |
| | Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] |
| | Hearsay. [*Federal Rules of Evidence* 802.] |
| | Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence. [*See* Points and Authorities below.] |
| | Attorney-Client Privilege. [*See* Points and Authorities |

| | below.] |
|---|---|
| **RULING:** | _____ Sustained   _____ Overruled |

### OBJECTION NO. 22

| | |
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 12 [entirety], Pg. 5, Lns. 16 – 24:<br><br>"During his interview, Estrada admitted that he did not visit the victim businesses and had no intent to visit the victim businesses. Estrada stated that Cornell told him that if he sued the businesses, he would get money. Estrada admitted that he did not go to the Corona Animal Hospital and did not know the height of the counter he and Cornell had alleged as a violation in his ADA lawsuit. Although acknowledging that he was the plaintiff, Estrada stated that he was not the one who filed the lawsuit, that it was not done on his behalf, and any information in the lawsuit that the counter height was not compliant did not come from him." |
| **PLAINTIFFS' OBJECTION:** | Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.]<br><br>Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.]<br><br>Irrelevant.  [*Federal Rules of Evidence* 401.]<br><br>Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence. [S*ee* Points and Authorities below.]<br><br>Attorney-Client Privilege. [S*ee* Points and Authorities below.] |
| **RULING:** | _____ Sustained   _____ Overruled |

### OBJECTION NO. 23

| | |
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 13 [entirety], Pg. 5, Ln. 25 – Pg. 6, Ln. 5:<br><br>"Estrada stated that in the beginning of his relationship with Cornell the ADA lawsuits were legitimate and involved |

CALLAHAN & BLAINE<br>A PROFESSIONAL LAW CORPORATION<br>3 HUTTON CENTRE DRIVE, NINTH FLOOR<br>SANTA ANA, CALIFORNIA 92707<br>TELEPHONE: (714) 241-4444<br>WWW.CALLAHAN-LAW.COM

| | | |
|---|---|---|
| | | places Estrada went, but it became a system where Cornell would text Estrada business names and Estrada would do a 'drive by' of businesses where he did not have any actual business to conduct or intent to go to. Estrada stated approximately 6 to 10 of the hundreds of ADA lawsuits filed by Cornell were legitimate, non-compliant businesses that he actually visited, and after that he was sent out to look for certain things by Cornell. Estrada also said that his ex-wife had their dog and took it to all the veterinary appointments, and that he had no knowledge of what vet the dog visited." |
| **PLAINTIFFS' OBJECTION:** | | Lacks Foundation. [*Federal Rules of Evidence* 602.] Speculation. [*Federal Rules of Evidence* 602.] Irrelevant. [*Federal Rules of Evidence* 401.] Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence. [*See* Points and Authorities below.] Attorney-Client Privilege. [*See* Points and Authorities below.] Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] |

      *See* Exhibit 1 to Declaration of David J. Darnell in Support of Reply in Support of Motion for Preliminary Injunction, Pg. 79, Ln. 13 – Pg. 80, Ln. 11:

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION



| RULING: | _____ Sustained   _____ Overruled |
|---|---|
| **OBJECTION NO. 24** ||
| **DEFENDANT'S EVIDENCE:** | Paragraph 14 [entirety], Pg. 6, Lns. 6 – 10:<br><br>"Estrada's admissions further supported my office's belief that the Felony Complaint was based on substantial evidence that would result in convictions at trial, and that Cornell and Estrada conspired to file ADA lawsuits against the victim businesses with fraudulent intent, in violation of Penal Code section 115, and Business and Professions Code section 6128(a)." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Lacks Foundation. [*Federal Rules of Evidence* 602.] |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| | |
|---|---|
| | Speculation. [*Federal Rules of Evidence* 602.] |
| | Irrelevant.  [*Federal Rules of Evidence* 401.] |
| | Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence. [*See* Points and Authorities below.] |
| | Attorney-Client Privilege. [*See* Points and Authorities below.] |
| | Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] |
| **RULING:** | _____ Sustained   _____ Overruled |

| **OBJECTION NO. 25** | |
|---|---|
| **DEFENDANT'S EVIDENCE:** | Paragraph 16, Pg. 6, Lns. 15 – 23: <br><br> "My office has taken no action against Cornell or Estrada other than filing of the Felony Complaint, and activities associated with that criminal prosecution. No effort has been made by my office to interfere with or prevent the filing of any ADA complaint by Cornell, Estrada, or any other parties. Charges were filed against plaintiffs solely because a determination was made, following an investigation, that they engaged in the criminal conduct for which they were charged, and at no time were any actions taken, or charges filed, out of bad faith, or to harass or retaliate against either defendant, or because they were engaging in lawful activity." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony as to a Legal Conclusion. [*Federal Rules of Evidence* 701, 702, and 704.] <br><br> Lacks Foundation. [*Federal Rules of Evidence* 602.] <br><br> Speculation. [*Federal Rules of Evidence* 602.] <br><br> Assumes Facts not in Evidence/Misstates Evidence. [*Federal Rules of Evidence* 602.] |
| **RULING:** | _____ Sustained   _____ Overruled |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| **OBJECTION NO. 26** | |
|---|---|
| **DEFENDANT'S EVIDENCE:** | <u>Paragraph 16, Pg. 6, Lns. 23 - 25</u>:<br><br>"There is no reason any of Cornell's alleged clients cannot file any ADA action they feel has merit. Cornell and Estrada are not enjoined from filing additional ADA lawsuits in the future or pursuing previously filed lawsuits." |
| **PLAINTIFFS' OBJECTION:** | Improper Opinion Testimony. [*Federal Rules of Evidence* 701, 702, and 704.]<br><br>Lacks Foundation. [*Federal Rules of Evidence* 602.]<br><br>Speculation. [*Federal Rules of Evidence* 602.]<br><br>Assumes Facts not in Evidence. [*Federal Rules of Evidence* 602.] |
| **RULING:** | _____ Sustained    _____ Overruled |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

<u>Points and Authorities – Fifth Amendment Privilege Against Self-Incrimination/Motion to Suppress Evidence</u>

Plaintiff Bryan Estrada seeks to invoke his Fifth Amendment right against self-incrimination in this action and objects to the submission of any evidence and argument relating to the interrogation conducted by the Riverside District Attorney's Office in connection with the pending criminal case, which was submitted to the Court as Exhibit G to the Declaration of Timothy Brown.  Relatedly, Mr. Estrada also seeks to suppress all evidence and argument relating to the interrogation because any waiver of Mr. Estrada's *Miranda* rights was not voluntary, knowing and intelligent.

When a defendant challenges a *Miranda* waiver, the government must prove such waiver by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515 (1986).  A statement is involuntary if it is "extracted by any

sort of threats or violence [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *United States v. Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988) (citation and internal quotation omitted). "A confession is not voluntary if it is made by a person whose mental condition at the time was such that the confession most probably was not the product of any meaningful act of volition." *United States v. Smith*, 638 F.2d 131, 133 (9th Cir. 1981) (citation and internal quotation omitted). Courts have held that incriminating statements made by an intoxicated defendant were involuntary and inadmissible. *See Gladden v. Unsworth*, 396 F.2d 373, 380 (9th Cir. 1968).

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

Furthermore, "[i]t is settled that a waiver of the Fifth Amendment privilege is limited to the particular proceeding in which the waiver occurs."  *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979).  For instance, in *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903 (9th Cir. 2008), the Ninth Circuit held, "[the civil defendant's] statements to investigating officers in the days following [her husband's] death ***did not waive her privilege against self-incrimination with respect to the later criminal proceeding against Torre or with respect to the instant civil proceeding***."  *Id.* at 911.  Any waiver of Mr. Estrada's Fifth Amendment rights in connection with the pending criminal case does not result in the waiver of such rights in this proceeding, rights he now asserts, requiring the exclusion of the interview.  To be sure, if the interview is not excluded Mr. Estrada will be compelled to be a witness against himself in direct violation of the Fifth Amendment.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

<u>Points and Authorities – Attorney Client Privilege</u>

California Rules of Professional Conduct, Rule 4.2 states, in relevant part, "a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." Courts have held that to the extent ethical rules such as Rule 4.2 applies to a prosecutor who communicates "directly or indirectly" with a party it also extends to an investigator acting as the alter ego of the prosecutor. *United States v. Jamil* (2nd Cir. 1983) 707 F.2d 638, 645; *United States v. Ryans* (10th Cir. 1990) 903 F.2d 731, 735.

Deputy District Attorney Brown knew that Mr. Estrada was represented by Mr. Cornell. He also knew that questions about the three ADA lawsuits filed by Mr. Estrada that give rise to the criminal complaint invaded the attorney-client privilege. (*See* Transcript, Pg. 86, Lns. 10 – 13 ["Bryan, we appreciate you -- ***you know, you've got·some -- some rights with your -- you know, your·attorney-client privilege.***" (Emphasis added.)]) This was also understood and known by the RCDA's investigation, who stated early on in the interrogation that "[s]ome of these communications are privileged, so we're going to have something called a 'special master.' And that special master is going to look through all that·material and decide what is evidentiary in our case, what we can look at, and what we can't look at." (Transcript, Pg. 19, Ln. 22 – Pg. 20, Ln. 1.) Despite clearly knowing and even acknowledging that the attorney-client privilege applied to what they were dealing with, both Deputy District Attorney Brown and the investigators then asked pointed questions that sought to invade the attorney-client privilege. As just one example, Deputy District Attorney Brown directly asked Mr. Estrada about communications with Mr. Cornell that lead to the filing of their ADA lawsuits. (Transcript, Pg. 77, Lns. 7 – 22.)

The Ninth Circuit has held that Rule 4.2 imparts upon a prosecuting attorney the duty to refrain from communicating with represented parties. *United States v.*

*Lopez*, 4 F.3d 1455, 1461 (9th Cir. 1993).  Moreover, the proper remedy for such an ethical violation is to exclude the evidence or information obtained via the violation. *United States v. Sierra Pac. Indus.*, 857 F. Supp. 2d 975, 984 (E.D. Cal. 2011).  In this case, since Defendant knew that Mr. Estrada was represented by Mr. Cornell with respect to the three ADA lawsuits from which the criminal action arises but asked Mr. Estrada questions that Defendant knew invaded that privilege in direct violation of ethical obligations and such evidence must be excluded to both protect and preserve the attorney client privilege.

Dated:  June 24, 2022                    **CALLAHAN & BLAINE, APLC**

By:  */s/ Gaurav K. Reddy*
Gaurav K. Reddy
Attorneys for Plaintiffs Ross Cornell and
Bryan Estrada

**[PROPOSED] ORDER IN EVIDENTIARY OBJECTIONS**

Having read and considered Plaintiffs' Objections to Defendant's Evidence in Support of its Opposition to Plaintiffs' Motion for Preliminary Injunction, the Court rules on each objection as indicated above in the "Ruling" section of each objection.

DATED:

_____
THE HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM