**CALLAHAN & BLAINE, APLC**
David J. Darnell (SBN 210166)
ddarnell@callahan-law.com
Gaurav K. Reddy (SBN 259496)
greddy@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiffs Ross Cornell and
Bryan Estrada

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ross Cornell, an individual, and Bryan Estrada, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>Office of the District Attorney, County of Riverside, and Does 1-100, inclusive;<br><br>Defendants. | Case No. 5:22-cv-00789 JWH (SHKx)<br><br>[Assigned to Hon. John W. Holcomb]<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED WITH PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>[*Filed concurrently with Reply, Declarations of Ross Cornell, Bryan Estrada, Charles Ballard, and David J. Darnell, and Objections to Defendant's Evidence*]<br><br>Hearing Date: July 8, 2022<br>Time: 9:00 a.m.<br>Courtroom: 9D<br><br>Action Filed: May 9, 2022<br>Trial Date: None set |

---

PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED WITH
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Ross Cornell and Bryan Estrada ("Plaintiffs") hereby submit their response to Defendant Office of the District Attorney, County of Riverside's ("Defendant") objections to Plaintiffs' evidence in support of their Motion for Preliminary Injunction.

| **DECLARATION OF ROSS CORNELL** ||
|---|---|
| **OBJECTION NO. 1a** ||
| **PLAINTIFFS' EVIDENCE:** | Paragraph 17, page 4, lines 16-21: "I believe that some defendants and defense counsel have adopted tactics whereby they refuse to engage in good faith settlement negotiations that would result in the remediation of ADA violations. I believe this is due to the Prosecution and the associated press release from the RCDA. I also believe that defendants in other cases that I have pending will pursue similar tactics." |
| **DEFENDANT'S OBJECTION:** | Lack of Foundation, Speculation, Improper Opinion Testimony. Violates *Federal Rules of Evidence* 901, 702(a), 403. Lay opinion testimony must have a proper factual basis on which the opinion is based. perceptions. Lay opinion testimony must "be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions." *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007). |
| **PLAINTIFFS' RESPONSE:** | "A lay person may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Lopez*, 762 F.3d 852, 863–64 (9th Cir. 2014) <br><br> Mr. Cornell's beliefs are based upon his personal knowledge or attest to facts that he has personal knowledge of. Mr. Cornell's beliefs about whether Defendant's actions have interfered with Plaintiffs' exercise of ADA rights and the factual reasons for those beliefs are also based on his personal knowledge, and are is not based on scientific, |

| | |
|---|---|
| | technical, or other specialized knowledge. The objection should be overruled. |
| **OBJECTION NO. 1b** ||
| **PLAINTIFFS' EVIDENCE:** | Paragraph 18, page 4, lines 22-25: "In other words, because of the Prosecution and related action by the RCDA, my ability to identify and remedy ADA violations through private enforcement actions brought by my clients have been and will continue to be thwarted." |
| **DEFENDANT'S OBJECTION:** | Lack of Foundation, Speculation, Improper Opinion Testimony. Violates *Federal Rules of Evidence* 901, 702(a), 403. Lay opinion testimony must have a proper factual basis on which the opinion is based. perceptions. Lay opinion testimony must "be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions." *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007). |
| **PLAINTIFFS' RESPONSE:** | "A lay person may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Lopez*, 762 F.3d 852, 863–64 (9th Cir. 2014) <br><br> Mr. Cornell's beliefs are based upon his personal knowledge or attest to facts that he has personal knowledge of. Mr. Cornell's beliefs about whether Defendant's actions have interfered with Plaintiffs' exercise of ADA rights and the factual reasons for those beliefs are also based on his personal knowledge, and are is not based on scientific, technical, or other specialized knowledge. The objection should be overruled. |
| **OBJECTION NO. 1c** ||
| **PLAINTIFFS' EVIDENCE:** | Paragraph 18, page 5, lines 3-10: "These cases have also been vetted through a third party investigator, who has verified that ADA violations exist at the properties in |

| | |
|---|---|
| | relation to Estrada's mobility disability. These cases are ripe and ready to be filed, but they have not been filed because of fear from Estrada and myself that new filings may instigate further reprisal or even another arrest by the RCDA. Accordingly, the Prosecution and the associated actions by the RCDA are creating a situation in which numerous known ADA violations are being allowed to persist at public accommodations in Estrada's community." |
| **DEFENDANT'S OBJECTION:** | Lack of Foundation, Speculation, Improper Opinion Testimony. Violates *Federal Rules of Evidence* 901, 702(a), 403. Lay opinion testimony must have a proper factual basis on which the opinion is based. perceptions. Lay opinion testimony must "be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions." *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007). |
| **PLAINTIFFS' RESPONSE:** | "A lay person may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Lopez*, 762 F.3d 852, 863–64 (9th Cir. 2014)<br><br>Mr. Cornell's beliefs are based upon his personal knowledge or attest to facts that he has personal knowledge of. Mr. Cornell's beliefs about whether Defendant's actions have interfered with Plaintiffs' exercise of ADA rights and the factual reasons for those beliefs are also based on his personal knowledge, and are is not based on scientific, technical, or other specialized knowledge. The objection should be overruled. |
| **DECLARATION OF BRYAN ESTRADA** ||
| **OBJECTION NO. 2** ||

| | |
|---|---|
| **PLAINTIFFS' EVIDENCE** | Paragraph 12, page 3, lines 2-6: "However, due to my fear that any new filing may instigate further reprisal or even another arrest by the RCDA, I am disinclined to file ADA lawsuits against those businesses or to otherwise enforce my rights under the ADA at this time.  As such, these known ADA violations at these businesses and public accommodations will likely continue." |
| **DEFENDANT'S OBJECTION** | Lack of Foundation, Speculation, Improper Opinion Testimony. Violates *Federal Rules of Evidence* 901, 702(a), 403.  Lay opinion testimony must have a proper factual basis on which the opinion is based.  perceptions.  Lay opinion testimony must "be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions."  *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007). |
| **PLAINTIFFS' RESPONSE** | "A lay person may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  *United States v. Lopez*, 762 F.3d 852, 863–64 (9th Cir. 2014)<br><br>Mr. Estrada's beliefs are based upon his personal knowledge or attest to facts that he has personal knowledge of.  Mr. Estrada's beliefs about whether Defendant's actions have interfered with Plaintiffs' exercise of ADA rights and the factual reasons for those beliefs are also based on his personal knowledge, and are not based on scientific, technical, or other specialized knowledge.  The objection should be overruled. |
| **DECLARATION OF ADELFO CERAME, JR.** ||
| **OBJECTION NO. 3** ||
| **PLAINTIFFS' EVIDENCE** | Paragraph 8, page 8, lines 11-16: "Due to the prosecution currently pending in Riverside County against Ross Cornell and Bryan Estrada, a fellow disabled person and disability rights advocate, alleging felony charges for the filing of |

- 4 -

| | | |
|---|---|---|
| | | ADA lawsuits in federal court that seem similar to my ADA cases, and due to my fear and apprehension regarding the risk of prosecution or reprisals for enforcing my rights, I am presently disinclined to file lawsuits under the ADA, and I have decided that I will not do so at this time." |
| | **DEFENDANT'S OBJECTION** | Lack of Foundation, Speculation, Improper Opinion Testimony. Violates *Federal Rules of Evidence* 901, 702(a), 403. Lay opinion testimony must have a proper factual basis on which the opinion is based. perceptions. Lay opinion testimony must "be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions." *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007). |
| | **PLAINTIFFS' RESPONSE** | "A lay person may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Lopez*, 762 F.3d 852, 863–64 (9th Cir. 2014) <br><br> Mr. Cerame's beliefs are based upon his personal knowledge or attest to facts that he has personal knowledge of. Mr. Cerame's beliefs about whether Defendant's actions have interfered with Plaintiffs' exercise of ADA rights and the factual reasons for those beliefs are also based on his personal knowledge, and are not based on scientific, technical, or other specialized knowledge. The objection should be overruled. |

Dated: June 24, 2022                    **CALLAHAN & BLAINE, APLC**

                                        By: */s/ Gaurav K. Reddy*
                                            Gaurav K. Reddy
                                            Attorney for Plaintiffs Ross Cornell and
                                            Bryan Estrada